## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                              ) | |
|                         Plaintiff,              ) | |
|                                                              ) | |
| vs.                                                      )  | Case No. CR-09-214-M |
|                                                              ) | |
| DARIUS IMAN PAYNE,                  ) | |
|                                                              ) | |
|                         Defendant.          ) | |

### ORDER

Before the Court is defendant's Motion to Suppress Evidence and Request for Franks Hearing, filed August 21, 2009. On September 4, 2009, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Factual Background

On September 25, 2008, officers of the Oklahoma City Police Department executed a search warrant at 1126 N.W. 81st Street in Oklahoma City, Oklahoma. The warrant had been issued by the Honorable Judge Virgil C. Black earlier that day. The search warrant authorized a search for:

> Parts from stolen motorcycles, and parts used in the rebuilding and resale of stolen motorcycles, specifically parts from motorcycle bearing VIN/JKBZXNA117A025135, tools used to dismantle and rebuild stolen motorcycles, stencils to stamp numbers and letters into metal, grinders, paint, computers used in the sale and listing of the motorcycles through the internet, vehicle titles and bills of sale,
>
> And articles of personal property tending to establish the identity of the person or persons in control or possession of the place or vehicle, including, but not limited to, utility company receipts, rent receipts, canceled mail envelopes, vehicle registration, credit card receipts, repair bills, photographs, keys, and articles of clothing . . . .

Search Warrant, attached as Exhibit A to defendant's motion to suppress.

Upon execution of the search warrant, officers went into the southeast bedroom at the address. Inside of a green ammo box, the officers found certain items they believed to be related to the sale and distribution of controlled dangerous substances. A subsequent search of another green ammo box uncovered additional items related to the narcotics trade. Upon searching a refrigerator inside the garage, the officers located additional items related to narcotics. After a search of the kitchen, upstairs bedroom, and television living room, various other unknown liquids and bottles were seized as well. In addition to the narcotics evidence, various other items related to stolen motorcycles and automobiles were seized. Finally, one semi-automatic .223 unloaded rifle was seized in its gun case.

Defendant is charged by grand jury indictment in three counts with (1) knowingly and intentionally possessing with intent to distribute approximately 80 bottles, tablets, and powder of anabolic steroids, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) knowingly and intentionally possessing with intent to distribute approximately 80 liquid filled bottles containing Lorazepam, a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (3) knowingly possessing a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A). These counts are based on narcotics evidence and a firearm which were discovered during the execution of the search warrant.

II.   Discussion

Defendant moves to suppress the narcotics evidence and firearm which were discovered during the execution of the search warrant. Specifically, defendant contends that the affidavit for search warrant failed to present enough evidence to establish probable cause to authorize a search at 1126 N.W. 81st Street. Defendant further contends that a false statement knowingly and

intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. Finally, defendant contends that in executing the search warrant, the officers exceeded the scope authorized within the search warrant.

    A.    <u>Sufficiency of affidavit for search warrant</u>

"When reviewing a magistrate's finding of probable cause for the issuance of a search warrant, [a court] must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." *United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999)(internal quotations and citations omitted). The magistrate's determination is entitled to "great deference" and the reviewing court inquires only "whether the issuing magistrate had a 'substantial basis' for determining probable cause existed." *Id.* (internal quotations and citations omitted). Further, "[a] nexus between the objects to be seized and the place to be searched for them is established when the circumstances set out in the affidavit would warrant a person of reasonable caution to believe that the articles sought would be found at the place to be searched." *United States v. Hargus*, 128 F.3d 1358, 1362 (10th Cir. 1997).

Additionally, regarding allegations of false statements within an affidavit supporting a search warrant, the United States Supreme Court has held:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be

> furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).

Having carefully reviewed the affidavit for search warrant, the Court finds that even if the alleged false statements about seeing the motorcycle listed for sale on Ebay and the actual make of the motorcycle are set aside, there remains sufficient content in the affidavit for search warrant to support a finding of probable cause and, thus, no hearing is required. Specifically, the Court finds the affidavit informed the issuing judge that police officers had information that stolen motorcycles were being kept and sold from 1126 N.W. 81st Street. Further, the affidavit informed the issuing judge that while surveilling 1126 N.W. 81st Street, officers saw an individual enter the residence and leave riding a blue Kawasaki motorcycle and that the same motorcycle was observed leaving 81st Street and was stopped in Norman, Oklahoma, for speeding. Additionally, the affidavit informed the issuing judge that it was determined that the motorcycle was made up of stolen parts and that stolen motorcycle parts and a steel punch stencil used for stamping numbers in metal were found in the trunk of the car following the motorcycle. The Court finds that based upon the above information, the issuing judge had a substantial basis for determining probable cause existed that parts from stolen motorcycles and tools used to dismantle and rebuild stolen motorcycles would be

found at 1126 N.W. 81st Street.  Accordingly, the Court finds the search warrant is not invalid due to a lack of probable cause for issuance.

### B. Scope of search

Defendant also contends that in executing the search warrant, the officers exceeded the scope authorized within the search warrant.  Specifically, defendant contends that the officers exceeded the scope of the warrant by searching the refrigerator in the garage, the empty ammunition boxes stored in the bedroom, and the gun case.  Defendant asserts that the items listed in the warrant are not commonly or uncommonly found or located in empty ammunition boxes or refrigerators.  Defendant further asserts that the warrant did not authorize the search or seizure of any weapons and that a gun case is not used as a place to store stolen motorcycle parts.  Defendant, therefore, requests the Court to suppress all items found in the refrigerator and ammunition boxes and to suppress the unloaded .223 rifle.

In its response, the government only addresses the narcotics evidence found out in the open throughout the house, evidence which defendant is not asserting should be suppressed on the basis of exceeding the scope authorized within the search warrant.  The government fails to address the evidence found in the refrigerator and ammunition boxes and the unloaded .223 rifle.  The Court, thus, finds that the government has conceded this portion of defendant's motion to suppress.[1]  Accordingly, the Court finds that all items found in the refrigerator and ammunition boxes and the unloaded .223 rifle should be suppressed.

---

[1] The Court would note that even if the government had not conceded this issue, it is likely the Court would have suppressed this evidence anyway as falling outside the scope of the search warrant.

5

III.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Suppress Evidence and Request for Franks Hearing [docket no. 15] as follows:

(A)     The Court GRANTS defendant's motion to suppress as to all items found in the refrigerator and ammunition boxes and the unloaded .223 rifle and SUPPRESSES said evidence;

(B)     The Court DENIES defendant's motion to suppress as to all remaining evidence found during the search of 1126 N.W. 81st Street; and

(C)     The Court DENIES defendant's request for a Franks hearing.

**IT IS SO ORDERED this 5th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE